United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF HOLLYWOOD POLICE OFFICERS RETIREMENT SYSTEM,

Plaintiff,

v.

TIMOTHY D. COOK, et al.,

Defendants.

Case No. 26-cv-01724-NW

**ORDER STAYING ACTION; DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

Re: ECF No. 30, 36

Two motions are currently pending before the Court in the instant action ("*Hollywood* Action"): Apple's motion to stay this derivative shareholder action pending the resolution *City of Coral Springs Police Officers Pension Plan v. Apple Inc*. (Case No. 5:25-cv-06252-NW) ("*Coral Springs* Action") among other securities actions, ECF No. 30; and Apple's motion to dismiss the complaint. ECF No. 36.

The instant action is a derivative shareholder case brought on behalf of nominal Defendant Apple against its officers and directors for purported wrongdoing related to the rollout of Apple's AI technology. Half of the allegedly misleading statements in the *Coral Springs* Action, for example, relate to the topic specifically. In this District, Courts frequently stay shareholder derivative suits in favor of securities class actions "when the cases arise from the same factual allegations and the evidence in the former could jeopardize the company's defense in the latter." *In re STEC, Inc. Derivative Litig.*, No. CV 10-00667-JVS MLGX, 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012); *Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234 (C.D. Cal. Oct. 31, 2007) ("Furthermore, prosecution of the Shareholder Derivative Action would likely conflict with Powerwave's defense of the Securities Class Action, since the shareholder derivative Plaintiffs would need to prove allegations that would seriously undermine Powerwave's defense

of the class action.”). The same circumstances exist here. The Court will not require Apple to litigate the derivative action (even nominally) when doing so may undermine Apple’s ability to defend itself in the *Coral Spring* Action, among others. Accordingly, the instant action is STAYED and all present hearings and deadlines are VACATED. The Court will reassess whether and when to lift the stay concurrent with its determination when to lift the stay in *Coral Springs*.

Because the case is STAYED, the Court DENIES WITHOUT PREJUDICE Apple’s motion to dismiss. Apple may renew its motion after the Court lifts the stay, consistent with any Orders the Court issues at that time.

The Court SETS a case management conference for February 2, 2027, at 9:00 a.m. The parties must provide, in their joint case management statement, an update on the status of the *Epic* matter currently before the United States Supreme Court.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Noël Wise
United States District Judge